UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| ENTERPRISE WARRANTY GROUP, LLC, | ) | Case No. 09-47755-659 |
| | ) | Chapter 7 |
| | ) | |
| Alleged Debtor. | ) | PUBLISHED |

**ORDER**

      This matter before the Court is Enterprise Warranty Group LLC's (hereinafter "EWG") Motion to Dismiss Involuntary Bankruptcy Petition filed under 11 U.S.C. § 303(b)(1) by Jeffrey Birmes (hereinafter "Birmes"), William G. Webb (hereinafter "Webb") and Thomas Novak (hereinafter "Novak") (hereinafter collectively "Petitioning Creditors") and Response in Opposition to Debtor's Motion to Dismiss.  EWG asserts that the Petitioning Creditors are not proper creditors and therefore do not meet the statutory numerosity and/or aggregate claim requirements of Section 303(b)(1).  In the alternate, EWG alleges that there are bonafide disputes as to all claims which precludes the Petitioning Creditors' ability to seek relief under Section 303(b)(1).  EWG further request an award of reasonable attorney's fees and punitive damages.  The Court held a hearing on this matter on September 2, 2009, where the parties presented testimony, evidence and arguments.  The matter was then taken as submitted by the Court. Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

      EWG is a Delaware Limited Liability Company that offers and sells extended warranty policies for automobile services.  EWG's principal place of business is St. Charles, Missouri.  The Petitioning Creditors are all formerly associated with EWG.  Birmes and Novak are former employees, and Webb was a 50% owner and Chief Executive Officer of EWG.  Novak resigned from EWG in March of 2008.  EWG redeemed Webb's 50% interest in May of 2008.  Birmes resigned from EWG in December of 2008.

At the time of Novak's resignation in March 2008, EWG had already entered into a health insurance plan on Novak's behalf, wherein coverage would be provided from January 7, 2008, until February 28, 2009.  Novak agreed to continue to pay the insurance premiums to EWG, and EWG would continue to pay the required premiums to Anthem Blue Cross and Blue Shield (hereinafter "Anthem"), the insurance provider, until the expiration of coverage.  Novak estimates that he paid EWG $2,900.00 for the insurance premiums, though he is uncertain as to how much was actually paid, when those payments were made, or the exact number of payments that were made.  In March 2009, Novak contacted Anthem and was correctly informed that he did not have coverage. Upon inquiry about his prior coverage, Novak alleges that Anthem denied he had any coverage during 2008.  Novak testified that he immediately contacted EWG and was informed that the premiums he paid were not forwarded to Anthem, and that because he had not made any claims for health services during the past year, EWG would refund the money he paid for coverage.

Jon Stubblefield (hereinafter "Stubblefield"), current CEO of EWG, testified that no such representations were made to Novak.  Rather, EWG forwarded the funds received from Novak to Anthem in the form of monthly payments on behalf of all EWG employees; and in fact, Novak did have health coverage until February 28, 2009.

Birmes resigned from his position as sales manager of EWG on December 22, 2008. Wages for work performed up and until December 14, 2008 were direct-deposited into Birmes' bank account on December 19, 2008.  Birmes has not received compensation for his time worked from December 15, 2009 to the date of his resignation.  Birmes claims he is owed $3,393.00 in unpaid wages.  Birmes and Stubblefield have discussed the disputed unpaid wages by phone and via e-mail to no avail.

Birmes also deferred compensation through a flexible spending account (hereinafter "FSA") for medical expenses throughout his tenure as sales manager, which was to be held in trust by The Pinnacle Solutions Group, LLC (hereinafter "Pinnacle").  Birmes was informed by Pinnacle that he

2

was entitled to funds deferred during the past fiscal year, the sum of $2,000.00, but later discovered that EWG had not deposited the deferred funds into the FSA.

EWG does not dispute Birmes' entitlement to the $2,000.00. Rather, EWG asserts that Birmes and Stubblefield made an oral agreement that neither would accept pay in December,[1] and therefore, the wages Birmes received on December 14, 2008, were in effect an overpayment. EWG thereby asserts a claim against Birmes for $4,787.70, the gross wages which were direct deposited into Birmes' account on December 14, 2008 less $2,000.00, the deferred funds due to Birmes from the FSA.

In May 2008, EWG and Webb entered into an agreement whereby EWG redeemed Webb's 50% ownership interest in EWG (hereinafter "Redemption Agreement"). The redemption price was $900,900.00. Of this sum, Webb was paid $715,000.00. A Promissory Note was executed for the remaining $185,900.00, to be paid in two equal installments of $92,950.00. The first installment was to be paid on September 30, 2008, and the second on December 30, 2008. Stubblefield testified that EWG did not make the September 30, 2008 payment because Webb made several "material misrepresentations" and breached the warranties that were included in the Redemption Agreement. On October 24, 2008, Webb filed a Petition to Enforce the Promissory Note in the Circuit Court of St. Charles County, Missouri. On October 30, 2008, EWG submitted a Demand for Arbitration with the American Arbitration Association (hereinafter "AAA"), consistent with the mandatory arbitration clause of the Redemption Agreement. Webb's St. Charles County Petition was ordered stayed pending arbitration on January 23, 2009. Webb did not pay the required AAA filing fees and therefore the AAA rejected Webb's written response and counterclaims to EWG's claims, and at present, denies Webb's ability to participate in the AAA proceedings which are scheduled for November 2-5, 2009.

---

[1] Stubblefield admits that he accepted payment on December 19, 2008.

3

**JURISDICTION**

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2009) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (C), and (O) (2009). Venue is proper in this District under 28 U.S.C. § 1409(a) (2009).

**CONCLUSIONS OF LAW**

The Bankruptcy Code allows an involuntary bankruptcy to be commenced when three or more individuals who hold claims against an entity file a petition under either Chapter 7 or 11. 11 U.S.C. § 303(b)(1). The claims must be void of any bona fide dispute as to whether the claims are properly asserted against the debtor. *Id.* "A bona fide dispute exists if there are 'substantial' factual and legal questions raised by the debtor bearing upon the debtor's liability...." *MAG Bus. Servs. Bently Racing Prods. v. Whiteside (In re Whiteside),* 238 B.R. 468, 469 (Bankr. W.D. Mo. 1999) *citing B.D.W. Assoc. v. Busy Beaver Bldg. Ctrs., Inc.,* 865 F.2d 65, 66-7 (3rd Cir. 1989); *see also Rimell v. Mark Twain Bank (In re Rimell)*, 946 F.2d 1363, 1365 (8th Cir. 1991). The petitioning creditors must establish a prima facie case that no bona fide dispute exists, and then the burden shifts to the debtor to present evidence that demonstrates a bona fide dispute. *Rimell, 946 F.2d at 1365.* The Court finds that Birmes and Webb are proper creditors, and there are no bona fide disputes that preclude their respective § 303(b)(1) claims against EWG. Novak, however, has not proven that he has a valid claim against EWG, and therefore, cannot presently be a creditor in this matter. The claims of Birmes, Webb and Novak will be discussed in turn.

**Birmes**

Birmes has properly asserted and substantiated his claims against EWG. There is no bona fide dispute that would negate Birmes' status as a petitioning creditor. Birmes was paid for his work performed up and until December 14, 2008. Birmes worked for another week, and resigned on December 22, 2008. He was not paid for his services, and EWG does not dispute that Birmes has

4

not been paid for his final week.  Birmes has a valid claim for wages.

There is no basis to find that Birmes agreed not to accept payment for his work performed during the month of December, as EWG asserts.  The e-mails exchanged between Birmes and Stubblefield do not support any contention that such an agreement ever existed.  The other party to the alleged agreement, Stubblefield, admits that indeed he was paid for services he performed during the month of December.  The wages received are not a substitute for funds that should have been reserved in Birmes' FSA, and reimbursed to Birmes by Pinnacle.  Birmes has a claim for both wages and the FSA funds and as such is a proper petitioning creditor.

**Webb**

Webb asserts a claim for the Promissory Note.  EWG argues that Webb is precluded from asserting his claim in this Bankruptcy Court because Webb's failure to pay the required fees to the AAA and thereby assert the claim as a counterclaim in the pending AAA proceeding constitutes waiver of Webb's right to bring the claim anywhere, including this Bankruptcy Court.  In the alternative, EWG argues that Webb's claim is subject to a bona fide dispute and thus not justiciable under § 303(b)(1).  These arguments are addressed in turn.

EWG's waiver argument raises an important question.  Does failure to file a counterclaim in an arbitration proceeding constitute waiver; and if so, does it constitute waiver of the claim or merely waiver of the right to arbitrate?  EWG has taken the position that this constitutes waiver of the claim, and to this end, the Court will only address this question.  The Court disagrees with EWG for two reasons.

First, Webb is a petitioning creditor, and has appeared to state and substantiate his claim.  These actions do not evidence any intent to waive his claim.  Second, to the extent that Webb's failure to pay the required fees to the AAA and thereby assert his claim in the AAA proceeding constitutes waiver of his claim, it does not. The doctrine of collateral estoppel or *res judicata* only applies in the case of a final judgement.  In this jurisdiction, arbitration awards have the same

5

effects under the rules of *res judicata* as a judgment of a court, subject to the same exceptions and qualifications. *Wellons, Inc. v. T.E. Ibberson Co.*, 869 F.2d 1166, 1168-69 (8th Cir. 1989), *reh'g denied* (Apr. 24, 1989). Therefore, if an award was issued by the AAA, the doctrine of collateral estoppel would be in effect, thereby precluding Webb from asserting his claim against EWG in any forum, including this one. This does not apply because the AAA proceedings have not yet concluded.

It is generally held that the right to enforce an arbitration clause may be waived; there is no set rule as to what constitutes a waiver of the right to arbitrate. *General Equip. & Supply Co., Inc. v. Keller Rigging & Constr., SC, Inc.*, 544 S.E.2d 643, 645 (2001); *see also Evans v. Accent Manufactured Homes, Inc.*, 575 S.E.2d 74, 77 (2003). Webb testified that he did not intend to waive his right to arbitrate, despite his failure to timely pay the required filing fees. Whether or not Webb would be permitted to assert his claim in the AAA proceeding at a later date is entirely within the purview of the AAA, and beyond the scope of the matter at hand. There is no bona fide dispute as to whether Webb's claim for payment under the Promissory Note is properly asserted against EWG and as such, Webb is a proper petitioning creditor.

**Novak**

The basis of Novak's claim lies entirely on the petition and his testimony. The petition does list the amount of his claim, $2,900.00, which was signed under penalty of perjury that "the foregoing is true and correct according to the best of [his] knowledge, information, and belief." However, beyond the petition and his testimony, Novak presented no evidence to substantiate his claim; neither in the form of proof of payment to EWG, testimony of a sum certain that was paid to EWG, documentation which shows lack of coverage, evidence that the funds he paid to EWG were not forwarded to Anthem, evidence that he is entitled to repayment of the sum uncertain, or the like.

6

It is true that EWG offered no evidence that it indeed paid all funds presented by Novak to Anthem,[2] however, EWG did not bear the initial burden of proof.  Novak may have a valid claim against EWG, however, he did not prove it.

Because Novak has failed to carry his burden of proof, the Court has no choice but to find that Novak is not a proper petitioning creditor, ergo, the Court must grant EWG's Motion to Dismiss for failure to meet the numerosity requirement of § 303(b)(1).  Having found that both Birmes and Webb are proper petitioning creditors, there is no basis to grant an award of attorney fees or punitive damages in favor of EWG. Therefore,

**IT IS ORDERED THAT** Enterprise Warranty Group LLC's Motion to Dismiss Involuntary Bankruptcy Petition is GRANTED; and

**IT IS FURTHER ORDERED THAT** Enterprise Warranty Group LLC's request for attorneys fees and punitive damages is DENIED.

/s/ Kathy A. Surratt-States

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: October 14, 2009
St. Louis, Missouri

---

[2] The Certificate of Health Coverage does not address the basis of Novak's argument which is that the total dollar amount of the funds paid to EWG for health benefits were not tendered to Anthem, and therefore, Novak has a claim against EWG for those funds.

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Laura C. Leone
Fultz Maddox Hovious & Dickens PLC
101 S. Fifth Street, Suite 2700
Louisville, KY 40202

Jeffrey R. Schmitt
Danna McKitrick, P.C.
7701 Forsyth Blvd., Suite 800
St. Louis, MO 63105

Enterprise Warranty Group, LLC
2073 Exchange Drive
St. Charles, MO 63303

William Gerald Webb
3425 Bent Grass Cove
Memphis, TN 38125

Thomas Novak
4 Brentmoor Park
Clayton, MO 63105

8